Matthias, J.,
 

 dissenting. I cannot concur in the conclusion announced by ‘the majority. The question presented is one of statutory construction. The statutes involved are penal in their nature and therefore are to be strictly construed.- The principle applicable is clearly stated in the syllabus in
 
 State, ex rel. Moore Oil Co.,
 
 v.
 
 Dauben, Dir.,
 
 99 Ohio St., 406, 124 N. E., 232, as follows:
 

 “Statutes or ordinances of a penal nature, or which restrain the exercise of any trade or occupation or the conduct of any lawful business, or which impose restrictions upon the use, management, control or alienation of private property, will be strictly construed and their scope cannot be extended to include limitations not therein clearly prescribed * * *.”
 

 The provisions of Section 6310-10, General Code (now Section 6290-5), specifically granted exemption from sales tax “when the vendor is not regularly engaged in the business of selling motor vehicles.”
 
 *273
 
 Concededly, the business of the relator is not that of selling motor vehicles. Under the agreed statement of facts, sales made as a result of default of a mortgagor are only occasional and incidental to the business in which it is engaged. It is not, therefore, engaged in such business as that term is defined in Section 5546-1, G-eneral Code.
 

 Williams, J., concurs in the foregoing dissenting opinion.